UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

JESSE L. YOUNGBLOOD,

        Plaintiff,                        No. C 13-4366 PJH (PR)

  v.                                   **ORDER OF DISMISSAL**

WARDEN, et. al.,

        Defendants.
                                  /

Plaintiff, a prisoner at Corcoran Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges he was the victim of an assault by another inmate in 1994 after guards placed him in a dangerous situation and he then received improper medical care.

In determining the proper statute of limitations for actions brought under 42 U.S.C. § 1983, courts look to the statute of limitations for personal injury actions in the forum state. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004).  At the time of plaintiff's assault the relevant statute of limitations was one year.  *See Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) (holding that in California the one-year statute applies to a § 1983 action).  Also at this time, section 352.1 of the California Civil Procedure Code tolled the statute of limitations for two years for a prisoner incarcerated for a term less than life.  *Id.*[1] Under federal law, a claim generally accrues for calculating the statutory limitations period when the plaintiff knows or has reason to know of the injury which is the basis of the action. *See TwoRivers v. Lewis*, 174 F.3d 987, 991–92 (9th Cir. 1999).  Thus, plaintiff had three

---

[1] Section 352.1 would apply retroactively to this incident that occurred in 1994, even though section 352.1 only became effective on January 1, 1995.  *Fink*, 192 F.3d at 916-17.

2

years to file this action.[2]

Plaintiff filed this case in September 2013, approximately nineteen years after the incident took place and well after the expiration of the statute of limitations. Therefore, this case is untimely. In addition, plaintiff names as defendant the other inmate, however prison inmates are not state actors under 42 U.S.C. § 1983. While plaintiff also states that guards failed to protect him and a doctor improperly treated him he is not aware of their identities. He has also named the warden as a defendant but has presented no facts about the warden's involvement. As plaintiff has a history of filing frivolous and untimely actions and as no amount of amendment could cure the deficiencies in this complaint it will be dismissed without leave to amend.

## CONCLUSION

This action is **DISMISSED** without leave to amend for failure to state a claim.

**IT IS SO ORDERED.**

Dated: November 12, 2013.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.13\Youngblood4366.dsm.wpd

---

[2] The two years of tolling is for prisoners serving less than a life term. The court is not aware of plaintiff's sentence, but even with the two years tolling this claim is still untimely.

3

Case 4:13-cv-04366-PJH   Document 5   Filed 11/12/13   Page 4 of 4